UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MONTECIA GREEN, | ) | |
| Institutional ID No. 141073, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 5:15-CV-239-BG |
| LUBBOCK COUNTY SHERIFF'S | ) | ECF |
| OFFICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.   Procedural History**

Plaintiff Montecia Green filed this civil rights action *in forma pauperis* on December 8, 2015, complaining of actions by the Lubbock County Sheriff's Department and Lubbock County Detention Center (LCDC). The United States District Court reassigned this case on February 1, 2016, to the undersigned United States Magistrate Judge for further proceedings.

According to a notice from LCDC, Green was released from their custody on January 14, 2016. *See* ECF No. 8. On February 5 and March 21, 2016, copies of orders entered in this case that were mailed to Green were returned as undeliverable (ECF Nos. 9, 11). An updated address has not been provided by Green or LCDC. He has not consented to proceed before the undersigned magistrate judge. Accordingly, the undersigned enters this report and recommendation pursuant to the order of transfer.

**II.   Recommendation**

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370

U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997).  It is, therefore, recommended that the United States District Court dismiss Green's Complaint for want of prosecution.

### III.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   March 28, 2016.

*[signature]*
NANCY M. KOENIG
United States Magistrate Judge

2